IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RUSSELL K. HILL**                                                                    **PETITIONER**

v.                                                            **CIVIL ACTION NO. 2:23-cv-135-KS-MTP**

**WARDEN C. LODEN**                                                                    **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Russell Hill's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [15]. Having considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that the Motion to Dismiss [15] be GRANTED in part and that the Petition [1] be dismissed without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit.

**PROCEDURAL HISTORY**

On November 8, 2002, in the Circuit Court of Lamar County, Mississippi, Petitioner was convicted of armed robbery in Cause No. 2001-K-261E. *See* [15-2] at 1. The trial court sentenced Petitioner to thirty years in the custody of the Mississippi Department of Corrections ("MDOC"), with twenty-five years to serve and five years suspended, pending successful completion of post-release supervision. *See* [15-2] at 1-2.

Then, on February 10, 2003, in the same state court, Petitioner was convicted of burglary in Cause No. 2001-K-341E. *See* [15-3] at 1. The trial court sentenced Petitioner to twenty-five years in MDOC custody, with fifteen years to serve and ten years suspended, pending successful completion of post-release supervision. *See* [15-3] at 1-2. On February 26, 2003, the trial court entered an "Amended Order of Conviction" stating that "through scrivener's error, the fact that

1

this sentence was to run consecutive to the sentence the defendant is presently serving in Cause No. 2001-K-261E was omitted" and ordering that the "sentence imposed in this cause is to run consecutive to the sentence the defendant is presently serving . . . ." *See* [15-4] (emphasis omitted).

Petitioner appealed his convictions, and on December 7, 2004, the Mississippi Court of Appeals affirmed the conviction in a written opinion. *See Hill v. State*, 912 So. 2d 991 (Miss. App. 2004). Petitioner also filed numerous motions for post-conviction collateral relief in the state courts, all of which were denied.

Petitioner filed his first § 2254 federal habeas petition on April 24, 2003, in this Court. *See* Civil Action No. 2:03-cv-248-KS-JMR. At that time, Petitioner's direct appeal in state court remained pending; therefore, the Court dismissed the habeas petition because Petitioner had not yet exhausted his available state-court remedies.

Petitioner filed a second § 2254 federal habeas petition on July 5, 2007, challenging his armed robbery conviction and a third on July 19, 2007, challenging his burglary conviction. *See* Civil Action Nos. 2:07-cv-139-KS-MTP and 2:07-cv-143-KS-MTP. Both petitions were dismissed as time barred pursuant to 28 U.S.C. § 2244(d).

On March 16, 2009, Petitioner filed his fourth § 2254 federal habeas petition. *See* Civil Action No. 2:09-cv-42-KS-MTP. The Court noted the previously filed habeas petition and the prior order dismissing that action. Finding that Petitioner had filed a successive petition, the Court, pursuant to 28 U.S.C. § 1631, transferred the action to the United States Court of Appeals for the Fifth Circuit to allow Petitioner to seek leave to file the successive petition.

Once the case was before the Fifth Circuit, the court pointed out that to obtain authorization to file a successive § 2254 petition, "the prisoner must make a prima facie showing

2

either that (1) his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or (2) the factual predicate for his claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *See* Civil Action No. 2:09-cv-42-KS-MTP, Docket Entry [6]. The Fifth Circuit held that Petitioner had failed to make such a showing and denied his request to file a successive habeas petition. *Id*.

On October 11, 2022, Petitioner filed his fifth § 2254 federal habeas petition. *See* Civil Action No. 2:22-cv-150-HSO-LGI. Petitioner raised several grounds for relief, including that his burglary sentence is concurrent to his armed robbery sentence, resulting in an expired term of imprisonment. The Court, once again, found that the petition was successive and transferred the action to the Fifth Circuit, which denied the request to file a successive petition and further held:

> We previously warned Hill that "future frivolous or repetitive motions for authorization" would "result in the imposition of sanctions" that could "include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *In re Hill*, No. 17-60022, at 2 (5th Cir. Feb. 22, 2017) (unpublished).[1] Having nevertheless filed this frivolous and repetitive motion, Hill is ORDERED to pay a sanction in the amount of $100 to the Clerk of court. He is BARRED from filing in this court or any court subject to its jurisdiction any challenge to his conviction for armed robbery and his conviction for burglary of an inhabited dwelling until the sanction is paid in full, unless he first obtains permission from the forum court. Hill is WARNED that any future frivolous or repetitive filings in this court or any court subject to its jurisdiction will subject him to additional and progressively more severe sanctions.

---

[1] On January 13, 2017, Petitioner filed with the Fifth Circuit an application for authorization to proceed with a successive habeas petition. *See In re Hill*, No. 17-60022.

*See* Civil Action No. 2:22-cv-150-HSO-MTP, Docket Entry [11].[2]

On December 1, 2022, Petitioner filed the instant Petition [1] in the United States District Court for the Northern District of Mississippi. The Petition was filed under 28 U.S.C. § 2241. The Court for the Northern District, however, determined that the Petition should have been brought under 28 U.S.C. § 2254[3] and transferred the action to this Court. *See* Order [7]. This is Petitioner's sixth § 2254 federal habeas petition.

Petitioner raises the following claims in his Petition:

1. MDOC erred by running Hill's burglary sentence consecutive with the armed robbery sentence Hill was already serving because the sentencing order was silent on the matter.

---

[2] Petitioner has also brought at least three civil actions or appeals that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and, thus, has accumulated three strikes pursuant to 28 U.S.C. § 1915 (g). *See* Civil Action No. 3:17-cv-8-CWR-FKB, Order [4] (denying *in forma pauperis* status).

[3] Although the Fifth Circuit has not specifically addressed this issue, the majority view is that § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that a prisoner in custody pursuant to the judgment of a state court "can only obtain habeas relief through § 2254 no matter how his pleadings are styled."); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[r]oughly speaking ... § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because ... bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Miller v. Stephens*, 2017 WL 3142402, at *4 (N.D. Tex. June 15, 2017) ("the Court again notes § 2254 applies to all state prisoners who are in custody pursuant to a state court judgment and who allege they are in custody in violation of the Constitution or laws or treaties of the United States and that § 2254 is not limited to only those prisoners who specifically attack the state court conviction and sentence they are serving."). The undersigned also notes that the Fifth Circuit has ruled that the limitations period applicable to § 2254 petitions should be "applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served." *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002). Additionally, Petitioner asserts in his Response [23] that the Petition should be considered under § 2254.

2. The State of Mississippi failed to give Hill full credit for time served in jail in case 2001K-261E and therefore has discriminated against Hill for over 20 years, at all levels.

3. The State of Mississippi has failed to give Hill full credit for time served in jail in case 2001K-341E and therefore has discriminated against Hill for over 20 years.

4. The Mississippi Parole Statutes and Overcrowding Statutes which deny early release programs and overcrowding credits to armed robbery offenders based solely on their offense are unconstitutional double/triple counting and lack rational basis for the classification based solely on Hill's armed robbery conviction.

*See* [1] at 6-7.

On April 8, 2024, Respondent filed a Motion to Dismiss [15] arguing that if the Court considers the Petition as one brought under § 2241, it should be dismissed because (1) Petitioner's claims concerning early release/parole fail to state a cognizable claim for federal habeas relief; (2) Petitioner failed to exhaust available state court remedies; and (3) Petitioner's claims lack merit because the trial court entered an amended order clarifying that his sentences were to run consecutively and because the record demonstrates that he was given proper pretrial jail credits.  Respondent also argued that if the Court construes the Petition under § 2254, it is "an unauthorized successive petition subject to dismissal with prejudice for lack of jurisdiction or transfer to the Fifth Circuit because this Court already dismissed certain of Hill's prior petitions challenging his underlying conviction and sentences with prejudice as time-barred." *See* [15] at 18, n.6.

Because Respondent did not brief this issue further, the Court directed Respondent to file a supplement to the Motion [15] addressing the issue of whether the Petition should be dismissed as successive. *See* Order [21].  Respondent filed his Supplement [22] on June 20, 2024, arguing

5

that the Petition is successive and that Petitioner has not acquired the authorization necessary to proceed. Petitioner filed a Response [23] on July 15, 2024.[4]

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to obtain authorization from a federal court of appeals before he can file a second or successive habeas petition in federal district court. *See* 28 U.S.C. § 2244(b)(3). Absent authorization, a district court does not have jurisdiction to consider a successive § 2254 petition. *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009). A petition, however, is not successive simply because it follows an earlier petition. Instead, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

As previously mentioned, one of the claims raised in the instant Petition is that the "MDOC erred by running Hill's burglary sentence consecutive with the armed robbery sentence Hill was already serving because the sentencing order was silent on the matter." ([1] at 6). This claim could have been raised in any of Petitioner's prior habeas petitions. Indeed, in his fifth petition, filed on October 11, 2022, Petitioner raised this issue by arguing that his burglary sentence is concurrent to his armed robbery sentence, resulting in an expired term of imprisonment. *See* Civil Action No. 2:22-cv-150-HSO-LGI.

The record establishes that the instant Petition is successive, and Petitioner has made no showing that he received authorization from the Fifth Circuit to file a successive petition or that

---

[4] In Order [21], the Court directed Plaintiff to file a response to the Motion [15] and Supplement [22] on or before July 5, 2024.

he has paid the $100.00 sanction imposed by the Fifth Circuit.  The Fifth Circuit barred Petitioner from filing a challenge to his convictions in any court until the sanction is paid in full. *See* Civil Action No. 2:22-cv-150-HSO-MTP, Docket Entry [11].

That the instant Petition may include other claims[5] that could not have been raised in an earlier petition does not affect whether the Petition is successive.  Because Petitioner's first claim is successive, the Court need not determine whether the remaining claims were or could have been raised in a prior petition.  "A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been raised is nevertheless successive. This Court does not parcel out and decide claims from a successive petition, even those that could not have been raised previously." *Cooper v. Cockrell*, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *see also Ramos v. Davis*, 653 Fed. Appx. 359, 364-65 (5th Cir. 2016) (recognizing that inclusion of a successive claim in a habeas petition would render the petition successive).

Faced with an unauthorized successive petition, a district court may dismiss the petition or transfer the action to the court of appeals to allow the petitioner to seek leave to file the

---

[5] As previously mentioned, these claims include:

> The State of Mississippi failed to give Hill full credit for time served in jail in case 2001K-261E and therefore has discriminated against Hill for over 20 years, at all levels.
>
> The State of Mississippi has failed to give Hill full credit for time served in jail in case 2001K-341E and therefore has discriminated against Hill for over 20 years.
>
> The Mississippi Parole Statutes and Overcrowding Statutes which deny early release programs and overcrowding credits to armed robbery offenders based solely on their offense are unconstitutional double/triple counting and lack rational basis for the classification based solely on Hill's armed robbery conviction.

*See* [1] at 6-7.

successive petition. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). As Petitioner has repeatedly filed successive petitions and has been sanctioned by the Fifth Circuit for doing so, the undersigned finds that dismissal, rather than transfer, is warranted.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. To the extent Respondent's Motion to Dismiss [15] seeks dismissal of the Petition for Writ of Habeas Corpus [1] as an unauthorized successive § 2254 habeas petition, the Motion [15] be GRANTED and

2. The Petition [1] be DISMISSED without prejudice to Petitioner's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive § 2254 habeas petition pursuant to § 2244(b)(3)(A).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 31st day of July, 2024.

s/ Michael T. Parker  
United States Magistrate Judge